IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION

| | |
|---|---|
| APRIL BARRETT,<br><br>                  PLAINTIFF,<br><br>vs.<br><br>SELECT FINANCIAL SERVICES, INC.,<br><br>                  DEFENDANT. | Civil Action No.<br><br><br>COMPLAINT and DEMAND FOR JURY TRIAL |

NOW COMES the Plaintiff, April Barrett ("Plaintiff" or "Barrett") by and through her attorney, L. Ashley Zubal, and for her Complaint against the Defendant, Select Financial Services, Inc. (hereinafter "Defendant" or "Select Financial"), alleges as follows:

## I.     INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.     JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Venue in this District is proper in that the Defendant transacts business in Iowa and the conduct complained of occurred here.

## III.     PARTIES

3. Plaintiff, April Barrett, is a natural person residing in Marion County, Iowa.

4.  Defendant, Select Financial Services, Inc., is a business engaged in the collection of debts owed to another in the State of Iowa.

5.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6.  Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7.  At some point in time, the Plaintiff incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to Applied Bank, which was used for personal, family, or household use.

8.  Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

9.  Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.   FACTUAL ALLEGATIONS

10. On or about January 13, 2012, the Plaintiff received a voice message from a representative of the Defendant. The representative stated that they were calling for an April Barrett with regard to a financial matter and requested the Plaintiff return the call. The representative failed to state the call was from a debt collection and from whom the representative was calling.

11. The Plaintiff returned the call to the Defendant on January 13, 2012 and spoke with Defendant's representative Steven. Steven advised the Plaintiff that he was attempting to collect on a debt originally owed to Applied Bank and that the balance owed was approximately $1,500 with interest and late charges. Steven advised that he was calling from a law office. He further stated that he would be able to settle the debt with the Plaintiff in the amount of $685 in three monthly payments. He asked the Plaintiff if her credit was important to her because it was important to him as he was getting ready to purchase a new Mercedes Benz. The Plaintiff stated she did not have the money to make the payment this month but the representative insisted payment must start immediately. The Plaintiff provided her bank account information and authorized an initial payment of $234.00 to be applied on January 27, 2012.

12. After the Plaintiff took some time to reflect on the January 13, 2012 communication, she realized that the representative had failed to provide any information as to whom they were calling from and felt suspicious about the communication. She further decided that she did not have the funds available to make the payment and cancelled the automatic withdrawal.

13. On or about January 24, 2012 the Plaintiff contacted the Defendant and spoke with a male representative. She explained that she could not make the scheduled payment and had cancelled it. The representative stated that was fine and to call back when she had the funds available.

14. On or about January 24, 2012, the Plaintiff received a voice message from a male representative of the Defendant. The representative stated that he was calling on an urgent matter from Select Financial. He stated he was calling from an attorney's office about matter pending in Marion County. The representative requested the Plaintiff call him back that day at 1-800-213-5900. The representative failed to state the call was from a debt collector.

15. The Plaintiff received an additional voice message from a Mr. Miles, a representative of the Defendant on January 24, 2012. Mr Miles was almost incoherent during the voice message and requested the Plaintiff have her attorney contact him at least 6 times during the voice message to discuss paperwork he had regarding Ms. Barrett. The representative requested the Plaintiff call him back that day at 1-800-213-5900. The representative failed to state the communication was from a debt collector.

16. As a result of the above-referenced communications and actions of the Defendant, the Plaintiff has experienced the following damages including, but not limited to: frustration, anger, stress, nervousness, loss of sleep and anxiety.

## V.      FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

17. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 1-16.

18. Select Financial and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

a. The Defendant violated 15 U.S.C. § 1692e(11) by failing to state in the initial communication or communications subsequent to the initial communication that the communication is from a debt collector and that any information obtained would be used for that purpose.

b. The Defendant violated 15 U.S.C. § 1692e(3) through a false representation or implication that any individual is an attorney or that the communication is from an attorney.

c. The Defendant violated 15 U.S.C. § 1692e(10) through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

d. The Defendant violated 15 U.S.C. § 1692e(13) through a false representation or implication that documents are legal process.

e. The Defendant violated 15 U.S.C. § 1692f(1) through the use of unfair or unconscionable means to collect or attempt to collect a debt and the collection of any amount unless such amount is expressly authorized by the agreement creating the debt.

f. The Defendant violated 15 U.S.C. § 1692g(a) by failing to provide the Plaintiff, within five days of the initial communication, correspondence advising the Plaintiff that she had a right to dispute the debt and request verification of the debt.

19. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

20. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

21. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

## VI.   SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

22. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 21.

23. Select Financial and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692e(11); 1692e(3); 1692e(10); 1692e(13); 1692f(1); and 1692g(a).

b. The Defendant violated Iowa Code § 537.7103(2)(b) through the placement of telephone calls to the debtor without disclosure of the name of the business or company the debt collector represents.

c. The Defendant violated Iowa Code § 537.7103(4)(b) by failing to state in the initial communication or communications subsequent to the initial communication that the communication is from a debt collector and that any information obtained would be used for that purpose.

d. The Defendant violated Iowa Code § 537.7103(4)(e) through a false misrepresentation, or representation which tends to create a false impression of the character, extent or amount of a debt, or of its status in a legal proceeding.

e. The Defendant violated Iowa Code § 537.7103(4)(i) through the false representation, or a representation which tends to create a false impression, about the status or true nature of, or services rendered by, the debt collector or the debt collector's business.

24. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

25. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

26. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

WHEREFORE, the Plaintiff respectfully requests that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## VII.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

 /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF